**UNITED STATES of America,**
**Appellee,**

v.

**Clifton J. McNEIL, Defendant–**
**Appellant.**

**No. 10–2233–cr.**

United States Court of Appeals,
Second Circuit.

June 27, 2011.

Lawrence D. Gerzog, Esq., New York, NY, for Appellant.

Joseph J. Karaszewski, Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: ROGER J. MINER, REENA RAGGI, GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Defendant Clifton J. McNeil was convicted in 2006 of illegal firearms possession and sentenced to 48 months' imprisonment and three years' supervised release. He now appeals from a sentence of ten months' imprisonment and one year of supervised release for violation of various conditions of his original term of supervised release. McNeil asserts that the district court violated 18 U.S.C. § 3583(e)(4) by imposing a two-month curfew condition on his supervised release at the same time that it imposed a ten-month prison term.

The government has moved to dismiss this appeal as moot because McNeil, who was arrested yet again for violating his release conditions during the pendency of this appeal, was sentenced by the district court to time-served without any further supervised release. In opposing dismissal, McNeil argues that his appeal still presents a live controversy because "the district court retains jurisdiction beyond a term of supervised release to reimpose a term of imprisonment and/or supervised release pursuant to 18 U.S.C. § 3583(i)." Appellant's Opp'n ¶ 4. That provision, however, authorizes a district court to impose further punishment for a defendant's violation of release conditions after the expiration of his supervision term only "if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). That is not this case. No violation proceedings remain pending in the district court that would authorize future imposition of any punishment. Thus, McNeil's challenge to conditions to which he is no longer subject is moot. *See United States v. Johnson*, 446 F.3d 272, 276 (2d Cir. 2006).

We have considered McNeil's other arguments and conclude that they are without merit. Accordingly, the government's motion is GRANTED and McNeil's appeal is DISMISSED.